UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDERSON-MACLEOD, INC.,     )
        Plaintiff,      )
           )
           )
        v.        )     Civil No. 19-30013-MGM
           )
           )
HOBBS MEDICAL, INC.,      )
        Defendant.    )

REPORT AND RECOMMENDATION CONCERNING AN
AWARD OF ATTORNEYS' FEES

I.    <u>Introduction</u>

On November 21, 2019, the Honorable Mark G. Mastroianni granted the motion of

defendant Hobbs Medical, Inc. ("Defendant") for attorneys' fees in this patent case (Dkt. Nos.

33, 55).  The court found the case exceptional and warranting a fee award because plaintiff

Sanderson-MacLeod, Inc. ("Plaintiff") filed a facially insufficient complaint relying on outdated

legal authority and failed adequately to amend the complaint notwithstanding the repeated

instances in which Defendant brought its deficiencies to Plaintiff's attention (Dkt. No. 33, 55).

The court referred the case to the undersigned for a report and recommendation concerning the

reasonable amount of a fee award (Dkt. No. 57).  *See* Fed. R. Civ. P. 54(d)(2)(D); Fed. R. Civ. P.

72(b).  For the reasons set forth below, I recommend an award of $35,926.19 in fees and

litigation expenses ($33,599.00 in fees; $2,327.19 in expenses) to Defendant based on its August

2019 submission.  I recommend that the court not award any additional fees or expenses based

on Defendant's supplemental fee request filed in November 2019.  However, if the court deems

it appropriate to increase the award based on this supplemental fee request, I recommend an

additional award of $14,587.37 ($12,823.25 in fees; $1,434.12 in expenses) for a total award of $50,513.56 in attorneys' fees and other litigation expenses.

II.     Background

Defendant's corrected fee petition, filed pursuant to 35 U.S.C. § 285 on August 30, 2019, and supported by a declaration of attorney Stephen Ball, filed on August 23, 2019 with attachments, seeks recovery of $48,728.69 for legal services invoiced by the Whitmyer IP Group ("WIPG") between January 29, 2019 and August 13, 2019, and by Rome McGuigan, P.C. ("RMPC") between December 3, 2018 (billed in February 2019) and July 29, 2019 (Dkt. Nos. 43 at 8; 43-1 through 43-15).

On November 1, 2019, Defendant filed a motion for leave to file a reply brief in support of its motion for attorneys' fees (Dkt. No. 47), which motion was granted by the court on November 4, 2019 (Dkt. No. 48).  The motion for leave to file a reply represented that good cause existed for the filing of a reply brief "in order to address issues raised in the Opposition, including a mischaracterization of legal authority" (Dkt. No. 47 at 1).  It is open to dispute whether Plaintiff's opposition to the fee request raised any issue to which a reply was required in the circumstances of this case where the court has been steadfast in its rejection of Plaintiff's claims.  It appears that Defendant's purpose in seeking leave to file a reply was, in significant part, to "take[] this opportunity to supplement the amount of its requested attorneys' fees" (Dkt. No. 51 at 3-4).  By exhibits to its reply brief, Defendant seeks an additional $24,704.41 in attorneys' fees and litigation costs for a total award of $73,433.10 (Dkt. Nos. 54-1 through 54-4). This supplemental request includes the costs of preparing the original fee petition and an opposition to Plaintiff's motion to alter, amend, or vacate the judgment, which the court disposed of by a five-line docket entry (Dkt. No. 41).

2

Beginning with Defendant's August 30, 2019 corrected attorney fee petition, WIPG's presentation on hourly rates is as follows:

WIPG attorney Stephen Ball:          $450.00

WIPG attorney Lauren C. Matturri:  $210.00

RMPC attorneys:                              $341.00 on average

(Dkt. No. 43-1 at 1-3, ¶¶ 5-7, 24).  Lead WIPG attorney Stephen Ball attests that his hourly rate and the hourly rate of Ms. Matturri are below the typical rates charged in Boston for intellectual property litigation (Dkt. No. 43-1 at ¶¶ 5-7 at 1-2).  These attestations are supported by a 2017 report of an economic survey of average billing rates for intellectual property work in various locations (Dkt. No. 29-4).  RMPC serves as corporate counsel for Defendant and is not, so far as appears from the record, an intellectual property firm.  Defendant has not provided information about rates in general for corporate counsel in this district or about the expertise of the RMPC attorneys whose services are reflected in the bills submitted in support of the fee petition.

The fee petition does not seek recovery of time spent by WIPG before the initial complaint was filed communicating with counsel for Plaintiff about Plaintiff's infringement allegations, which are described in Defendant's Memorandum in Support of Motion for Attorneys' Fees (Dkt. No. 29-1 at 1-3).  Although it could have done so, the August 2019 fee petition did not seek recovery of fees for preparation of the fee petition.  In its opposition to Defendant's fee petition, Plaintiff argues generally that this is not an exceptional case in which fees should be awarded (Dkt. Nos. 44, 45).  Plaintiff has not taken issue with the reasonableness of the WIPG and RMPC rates or with the need for the legal work reflected in specific billing entries for purposes of defending the case, nor has it argued that the supervisory work performed by RMPC should not be compensated.  *Contrast Baychar, Inc. v. Salomon/N. Am., Inc.*, No.

1:04-CV-136-DBH, 2009 WL 418650, at *4-5 (D. Me. Feb. 18, 2009) (the plaintiff opposing the fee petition argued against the hourly rates, specific billings, and compensation for supervisory counsel).

III.   Discussion

1.   Applicable Legal Principles

"Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548 (2014). The conventional framework for calculating fee awards under a federal fee-shifting statute such as § 285 of the Patent Act is the lodestar method. *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 546 (2010); *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992)). "This approach requires the district court to ascertain the number of hours productively expended and multiply that time by reasonable hourly rates." *Id.* at 68 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001)). The party seeking a fee award must support its request as to the time and rate components, relying on appropriate supporting documentation, including contemporaneous bills and information establishing customary hourly rates for attorneys with similar credentials. *Id.* The party opposing a fee petition may "proffer countervailing evidence." *Id.* (citing *Foley v. City of Lowell*, 948 F.2d 10, 20-21 (1st Cir. 1991)). "Once the parties have made their submissions, the court determines how much compensable time counsel spent on the case, deleting any 'duplicative, unproductive, or excessive hours.'" *Id.* (quoting *Gay Officers Action League*, 247 F.3d at 295). While application of the lodestar calculation "represents a presumptively reasonable fee," *Lipsett v. Blanco*, 975 F.2d 934, 937

(1st Cir. 1992), other factors may warrant an upward or downward adjustment in the lodestar calculation. *Spooner*, 644 F.3d at 68.

In *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008), the First Circuit set out certain guideposts that should inform a district court's review of billing records. "[A] district court may deem an expenditure of time unreasonable if the reported hours are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley*, 461 U.S. at 434; citing *U.S. v. Metro. Dist. Comm'n*, 847 F. 2d 12, 18-19 (1st Cir. 1988); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952-55 (1st Cir. 1984)). "By like token, [the court] may discount or disallow the total hours claimed if it determines that the time is insufficiently documented." *Id.* (citing *Hensley*, 461 U.S. at 433; *Grendel's Den*, 749 F.2d at 952). If "time records [are] too generic and, thus, insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like … the court may either discount or disallow those hours." *Id.* (citing *Gay Officers Action League*, 247 F.3d at 297; *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994)). An award of "attorney fees under section 285 should be tailored by a court to the situation before it." *Power Mosfet Techs. LLC v. Siemens AG*, 378 F.3d 1396, 1415 (Fed. Cir. 2004). "[T]he award of the total amount of a fee request is unusual." *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1390 (Fed. Cir. 2008).

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Cushing v. McKee*, 853 F. Supp. 2d 163, 170 (D. Me. 2012) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.")).

    2.  August 30, 2019 Fee Application

        a.  Lodestar Calculation

i.   Result Achieved

Defense counsel achieved a very good result for Defendant.  The presiding District Judge dismissed Plaintiff's amended complaint with prejudice for failure to state a claim, observing that Plaintiff was relying on a form and a version of Fed. R. Civ. P. 84 that had been abrogated and that the amended complaint failed to satisfy the pleading standards that apply generally and in patent cases as to the factual content that must be included in a complaint (Dkt. No. 26).  Because of Defendant's early success, Defendant did not incur the expense and related inconveniences of non-expert and expert discovery, a claim construction hearing, or the briefing of a dispositive motion.  The result achieved supports a full fee award to the extent justified by the loadstar calculation.

ii.   Reasonableness of Rates

Plaintiff has not challenged the reasonableness of the hourly billing rates for the WIPG attorneys, which are adequately supported by the declaration of attorney Stephen F.W. Ball, Jr. and an American Intellectual Property Law Association survey of hourly rates for patent attorneys in various markets, which was submitted as an exhibit to Mr. Ball's declaration (Dkt. No. 29-4 at 4).[1]  *See Eli Lilly & Co. v. Zenith Goldline Pharmaceuticals, Inc.*, 264 F. Supp. 2d 753, 766 (S.D. Ind. 2003) ("The Federal Circuit has approved use of the American Intellectual

---

[1] Mr. Ball has described his qualifications and those of attorney Lauren C. Matturri in his declaration.  A significant part of the substantive work reflected in the WIPG invoices was performed by an individual whose initials are "JMB" and who apparently bills at an hourly rate of $230 (e.g., Dkt. Nos. 43-2 at 2; 43-3 at 2).  For work in an intellectual property case, this is a reasonable hourly rate for drafting, finalizing, and filing motions and preparing correspondence to the client and opposing counsel, which, according to the billing records, are tasks performed by JMB.  The court infers, from the nature of the tasks JMB performed and her or his hourly rate, that JMB is an attorney.  There are also two time entries by an individual with the initials "MLL" (Dkt. No. 43-4 at 3).  Defendant seeks compensation for one of these time entries (Dkt. No. 43-4 at 3).  Defendant has provided no information about MLL's hourly rate, role, qualifications, or experience and the court cannot determine from the time entries whether MML is an attorney.

Property Law Association's economic survey in awarding fees under § 285.") (citing cases).

Further, based on a review of the WIPG billings records, it is apparent that WIPG discounted a

meaningful amount of time spent by its more junior attorneys, in effect charging a lower hourly

rate for some of the time spent on the case by Ms. Matturri and JMB (e.g., Dkt. Nos. 43-3 at 2-3;

43-4 at 2).

The same cannot be said of the rates for RMPC attorneys.  The fee petition provides no

information about the qualifications in general of the RMPC attorneys or their expertise, if any,

in patent litigation.  The bills submitted show that the hourly rate of John R. Downey is $350.00,

and the hourly rate of Nathan C. Favreau is $225.00 (e.g., Dkt. No. 43-11 at 3-4).  A great

majority of the work reflected in the RMPC invoices was done by Mr. Downey at the higher

hourly rate.

iii.    Time Entries

The court's task is complicated by the fact that, while generally opposing a fee award,

Plaintiff has not identified any specific billing entries to which it objects, nor has it argued

generally that Defendant's fee request is disproportionate to the result achieved (Dkt. No. 45).

*See Spooner*, 644 F.3d at 68-69 (declining to revisit the district court's lodestar calculation where

the defendants made no effort to show that any hours were improvidently spent or that the

requested rates were excessive).  WIPG's principle tasks in this case were preparing and

successfully arguing a motion to dismiss and communicating with Defendant, who was its client,

and with Plaintiff's counsel.  The court has examined each of the bills submitted by WIPG

through August 13, 2019, and, with a few exceptions set forth below, finds that the bills reflect

time that was spent productively on these core tasks.  In this court's view, the following few

billing entries in the WIPG records are not adequately justified in the record and should not be compensated in the fee award:

- MLL's March 25, 2019 time entry for $600.00 (Dkt. No. 43-4 at 3). Defendant has not sufficiently described MML's role in the litigation, qualifications, hourly rate, or expertise. The court cannot assess the relevance or importance of MML's work or whether it was duplicative of work done by other attorneys without this basic information and this information cannot reasonably be discerned from the records. *See Torres-Rivera*, 524 F.3d at 336; *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 106 (D. Mass. 2009) (eliminating entries with "brevis" descriptions such as "telephone call," "review documents," or "legal research" where no description was provided because the court could not ascertain from these descriptions whether the task was necessary or the time expended reasonable);

- Mr. Ball's May 6, 2019 time entry for $990.00 (Dkt. No. 43-6 at 2). The bill indicates that Mr. Ball spent 2.2 hours drafting a letter to the client and letters to opposing counsel, at least one of which was about the schedule for the hearing on the motion to dismiss. Other attorneys also prepared correspondence on that date. The time entry does not adequately justify apparently duplicative time spent by the lead and most expensive attorney on what appear, from the redacted time entry, to be fairly pedestrian tasks. *See Walsh*, 661 F. Supp. 2d at 106-07;

- JMB's June 19, 2019 time entry for $69.00, which is justified only as a review and preparation of correspondence (Dkt. No. 43-7 at 2). *See, e.g., Torres-Rivera*, 524 F.3d at 336; *Baychar*, 2009 WL 418650, at *9 (excluding entries reflecting "research" and correspondence because the court "could not understand the significance of the work reported here"); and

- JMB's August 9, 2019 time entry for $161.00, justified as receiving the court order dismissing the case, which is duplicative of Mr. Ball's entry on the same date for the same task (Dkt. No. 43-9 at 2). Moreover, JMB's time entry does not sufficiently justify close to an hour of time. *Walsh*, 661 F. Supp. 2d at 106 (duplicative entries "are subject to disallowance").

Fees for work performed by WIPG attorneys on the bills which were submitted through August 13, 2019 totaled $35,419.00. With deductions for the entries noted above, the lode star calculation justifies an award of $33,599.00 for legal services by WIPG attorneys.

The undersigned recommends that the court's fee award not compensate Defendant for any part of the fee request that reflects the time entries of RMPC attorneys. First, it is obvious from Defendant's fee submission and the docket that the WIPG attorneys were the frontline

litigators.  The docket shows that no RMPC attorney filed an appearance in this case or, so far as appears from the records submitted, attended any court hearing.  There is nothing in the RMPC billing records to suggest that any RMPC attorney contributed substantively to WIPG's work in defending the case.  In essence, RMPC functioned as Defendant's in-house counsel, remaining informed about the status of the litigation on behalf of its client.  Courts have recognized that shifting fees for such supervisory work is not appropriate.  *See Eli Lilly & Co.*, 264 F. Supp. 2d at 777 (declining to award fees for time spent by in-house counsel who attended trial because in-house counsel "did not function as trial counsel;" citing and analyzing cases standing for this proposition); *see also Baychar*, 2009 WL 418650, at *12 (declining to award fees for "supervisory" work by second law firm).  While there is nothing inappropriate about Defendant relying on its corporate counsel to remain informed about the status of this patent litigation, shifting the fees for corporate counsel's time spent in this manner is a different question.  Defendant has pointed to no authority that supports shifting to an opponent the fees of attorneys who function in a supervisory role of this nature.

Even if the role RMPC played warranted shifting its fees, which it does not, there is the additional problem that the RMPC bills are facially insufficient to justify an addition to the fee request.  *See Torres-Rivera*, 524 F.3d at 340 (where a party furnishes billing records that "are ill-suited for evaluative purposes … the court may adjust those entries to achieve an equitable result").  The records are heavily redacted.  The redacted records show that RMPC attorneys sent and reviewed emails and correspondence, participated in telephone conferences, and conferred with the client on topics that are not specifically described.  To the extent that the court can determine that an RMPC attorney performed a task related to the litigation, it was to review Plaintiff's opposition to Defendant's motion to dismiss and the WIPG draft reply brief.  There is

no indication that an RMPC attorney made a substantive contribution to the reply brief, and, in

any event, such work would be duplicative of the work performed by several WIPG attorneys.

Finally, the court notes that, with rare exceptions, the most highly compensated RMPC attorney

performed the work reflected in the RMPC invoices, which, for the most part, was "not the type

of work that warrants the partner level hourly rate[] sought by [Defendant]," *Walsh*, 661 F. Supp.

2d at 114, particularly where the court has not been informed about counsel's expertise in patent

law.  Again, there is nothing wrong with having corporate counsel function in the role in which

RMPC functioned in this litigation.  Indeed, it may be a wise choice.  Case law, however,

supports the view that this work is generally not compensable under the Patent Act's fee-shifting

statute.  Based on a review of the records, the court concludes that the RMPC billing records do

not warrant an addition to the fee award.  *See Eli Lilly & Co.*, 264 F. Supp. 2d at 778.  The total

in fees sought based on the RMPC invoices is $10,982.50.  For the reasons set forth above, the

court recommends that this portion of the fee request be disallowed.

    iv.   Other Litigation Expenses

> The attorney fee provision of the Patent Act, 35 U.S.C. § 285, permits a District
> Court, in exceptional cases, "to compensate the prevailing party for its monetary
> outlays in the prosecution or defense of the suit."  *Cent.[] Soya Co. v. Geo. A.
> Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983).  These "outlays" include
> "those sums that the prevailing party incurs in the preparation for and
> performance of legal services related to the suit."  *Id.*  As it sounds, this permits
> an award of more than just fees.  The award includes "disbursements that were
> necessary for the case."  *Lam., Inc. v. Johns-Manville*, 718 F.2d 1056, 1069 (Fed.
> Cir. 1983).  Section 285 thus permits an award of expenses beyond the mere
> taxation of costs.  *Maxwell v. Angel-Etts of Cal.*, 53 Fed. Appx. 561, 569 (Fed.
> Cir. 2002) (unpublished).

*Baychar, Inc.*, 2009 WL 418650, at *15; *see also Eli Lilly & Co.*, 264 F. Supp. 2d at 779-81

(awarding litigation expenses beyond those recoverable as costs).  The expenses for which

Defendant seeks an award in this case are legal research and discovery document hosting;

postage, telephone and internet; and travel from Connecticut to Massachusetts to attend the
hearing on Defendant's motion to dismiss (Dkt. Nos. 43-2 through 43-9).  These expenses are of
a kind that WIPG customarily charges its clients, appear reasonably and necessarily incurred in
this litigation, and total a comparatively modest $2,327.19.  The court recommends that the
court's award on the fee petition include reimbursement to Defendant for these expenses.  *See Eli
Lilly & Co.*, 264 F. Supp. 2d at 779-781 (including compensation for reasonably necessary
postage, copying, legal research, telephone, and travel in the fees awarded).

 In summary, I recommend a total award of $35,926.19 in response to Defendant's initial
fee petition.

 3. <u>Defendant's November 14, 2019 Supplemental Fee Request</u>

 i. Defendant Failed to Seek Leave of Court to File a
   Supplemental Fee Petition

 On November 1, 2019, Defendant sought leave to file a reply brief on the grounds that
"good cause exist[ed] for the Reply in order to address issued raised in the [Plaintiff's
Opposition to Motion for Attorney's Fees]" (Dkt. No. 47 at 1).  There is room to doubt whether
Plaintiff's opposition to Defendant's fee petition justified a reply where Plaintiff did not raise
any novel issue that Defendant had not previously addressed in its motion to dismiss the
amended complaint or its August 2019 motion for fees, and the reply memorandum was a
modest three pages long (Dkt. No. 51).  In the court's view, the more likely motivation for
Defendant's desire to file a reply was to "take[] this opportunity to supplement the amount of its
requested attorneys' fees" (Dkt. No. 54 at 3).  But "[r]eply memorandums in support of
dispositive motions are limited to rebuttal of factual and legal arguments raised in the
opposition."  *Rivera Concepcion v. P.R.*, 682 F. Supp. 2d 164, 169 n.5 (D.P.R. 2010) (citing
*Wills v. Brown Univ.*, 184 F.3d 20, 27 (1st Cir. 1999); *U.S. v. Brennan*, 994 F.2d 918, 922 n.7

(1st Cir. 1993)).  Defendant did not file a forthright motion for leave to file a supplemental

request for fees, and the court did not grant Defendant leave to make a filing of this nature.  *See*

*Parker v. Town of Swansea*, 310 F. Supp. 2d 376, 386 (D. Mass. 2004) (the parties were either

directed or permitted by the court to make supplemental filings in connection with the prevailing

plaintiff's fee petition).  Furthermore, the supplemental fee request seeks fees for the preparation

of the August 2019 fee petition and, it appears from the billing entries, for additional litigation

activity that Defendant knew was coming in advance of filing its August 2019 fee petition.  The

initial fee petition obviously could have requested reimbursement for the costs of its preparation,

which were incurred prior to its filing, and Defendant could have delayed filing its itemized fee

request until further motion practice that it knew was coming was completed.  Just as

"[a]rguments raised for the first time in a reply brief … are waived," *EnergyNorth Nat. Gas, Inc.*

*v. Century Indem. Co.*, Civil No. 99-cv-049-JD, 2007 WL 776124, at *1 n.4 (D.N.H. Mar. 15,

2007) (citing *Wills*, 184 F.3d at 27; *Brennan*, 994 F.2d at 922 n.7), the court could, and in the

undersigned's view, should find that in these circumstances, Defendant waived its right to seek

recovery of the fees and litigation costs requested in its supplemental fee petition.

  ii.  Lodestar Calculation

  In the alternative, if the court determines that Defendant is entitled to an award of

attorneys' fees based on the supplemental fee request, the undersigned recommends as follows.

  The additional $8,315.00 in attorneys' fees that Defendant seeks from the August 2019

WIPG bill (Dkt. No. 54-2) were all devoted to preparation of the fee petition.  Based on a review

of the billing entries, an additional $3,528.00 from the October 31, 2019 bill (Dkt. No. 54-4) was

for hours reasonably attributable to preparation of the supplemental fee request,[2] resulting in a

total of $11,843.00 spent on Defendant's requests for attorneys' fees and other litigation costs.  A

prevailing party is entitled to recover a reasonable amount for preparation of a fee application.

*See, e.g., Norkunas v. Brossi Bros. Ltd. Partnership*, Civil Action No. 10-11949-MBB, 2012 WL

772047, at *7 (D. Mass. Mar. 7, 2012) (citing *McCafferty v. Local 254, Serv. Emps. Int'l Union,

AFL-CIO*, 186 F.3d 52, 62 (1st Cir. 1999)).  But, "[a]lthough compensable, 'time reasonably

expended in connection with fee applications … often amounts to little more than "documenting

what a lawyer did and why he or she did it"' and may therefore 'fairly be compensated at a

reduced rate.'"  *Id.* (quoting *Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993)).  First, the

court recommends, for the reasons set out above, that time spent on this task by MLL, valued at

$1,659.00, not be compensated, leaving a total of $10,184.00.  The court recommends that the

court reduce by 50% the remaining fees for time spent preparing the fee applications to account

for substantial senior attorney time spent on a straightforward non-core task, resulting in a

compensable amount of $5,092.00 for this time. *See id.* (reducing the hourly rate of attorney time

spent on a fee petition by $100); *see also Torres-Rivera*, 524 F.3d at 340 ("Because litigating a

fee petition is typically an uncomplicated exercise, fees for such work are often calculated at

lower rates than those deemed reasonable for the main litigation.")

---

[2] The October 25, 2019 time entry for Ms. Matturri reflects some time spent preparing Mr. Ball's declaration in support of the supplemental fee petition and Mr. Ball's October 25, 2019 entry reflects that he drafted and revised Defendant's reply to Plaintiff's opposition to Defendant's initial fee petition.  A substantial portion of the reply was focused on the supplemental fee petition.  In the absence of specificity on Defendant's part, the court has attributed 50% of each of these time entries to preparation of the supplemental fee petition.  The court attributes all of the remaining WIPG October 2019 time entries for which any compensation is recommended to preparation of the supplemental fee petition (Dkt. No. 54-4 at 2-3).  *See, e.g., Gay Officers Action League*, 247 F.3d at 297; *Cushing*, 853 F. at 170.

The time spent by WIPG attorneys in September (Dkt. No. 54-3) and time spent in October that the court has not attributed to preparation of the fee petition was, for the most part, devoted to the core tasks of research, correspondence with opposing counsel, and preparation of oppositions to the Plaintiff's Rule 59(e) Motion to Alter, Amend or Vacate Judgment (Dkt. No. 34) and its Motion to Stay Response to Defendant's Motion for Attorney's Fees (Dkt. No. 37), and its reply (Dkt. No. 53) to Plaintiff's Opposition to Defendant's Corrected Motion for Attorney's Fees (Dkt. Nos. 44, 45).  The court denied Plaintiff's motion to alter, amend or vacate the judgment in a five-line electronic order without reference to any case law or any argument made in Defendant's opposition (Dkt. No. 41).  While the court accepts that taking an outcome for granted generally is not a virtue in a litigator, the brevity of the court's ruling calls into question the value of the full extent of Defendant's substantial investment of time in the preparation of the opposition to Plaintiff's Rule 59(e) motion.  Further, in my view, it was not necessary for Defendant to prepare and file an opposition to Plaintiff's request to extend the time for Plaintiff to respond to Defendant's fee petition until the court ruled on Plaintiff's Rule 59(e) motion.  Although found as moot (Dtk. No 42), the request for a stay was reasonable in that it was calculated to conserve the resources of the court and the parties.  Finally, some of the time entries in WIPG's September and October bills are duplicative or excessive, or do not adequately explain the time for which the client was billed.  *See Torres-Rivera*, 524 F.3d at 336.  The court has examined the bills submitted in support of Defendant's supplemental fee petition and, to the extent the court deems any of this time compensable, recommends reducing or declining to compensate Defendant for the following billing entries for the reasons set forth below:

- Ms. Matturri's September 10, 2019 time entry for research related to, and drafting, Defendant's opposition to Plaintiff's Rule 59(e) motion should be reduced by 50% to $252.00 because this time is excessive or duplicative (Dkt. No. 54-3 at 2);

14

- Mr. Ball's September 12, 2019 time entry for research related to, and drafting and revising, Defendant's opposition to Plaintiff's Rule 59(e) motion should be reduced by 50% to $765.00 because this time is excessive or duplicative (Dkt. No 54-3 at 2);

- Ms. Matturri's September 12, 2019 time entry for research related to, and drafting Defendant's opposition to Plaintiff's Rule 59(e) motion should be reduced by 50% to $231.00 because this time is excessive or duplicative (Dkt. No. 54-3 at 2);

- Ms. Matturri's September 13, 2019 time entry should be reduced by 50% to $483.00 because this time is excessive or duplicative (Dkt. No. 54-3 at 3);

- JMB's September 16, 2019 time entry should be reduced by 50% to $115.00 because this essentially secretarial task should not be billed at an hourly rate of $230.00 and because JMB's work on Defendant's opposition to Plaintiff's motion to stay was not core work essential to defense of the case (Dkt. No. 54-3 at 3);

- Mr. Ball's September 20, 2019 time entry should be reduced by 25% to $371.25 because any work on the motion to stay was not core work essential to the defense of the case and because the amount of time spent on preparing the opposition to Plaintiff's Rule 59(e) motion was excessive or duplicative (Dkt. No. 54-3 at 3);

- Mr. Ball's September 24, 2019 time entry for $360.00, devoted wholly to research and preparation of Defendant's opposition to Plaintiff's motion to stay, should not be compensated because Plaintiff's motion to stay was reasonable in the circumstances (Dkt. No. 54-3 at 3);

- Ms. Matturi's September 24, 2019 time entry for $105.00, devoted wholly to research for cases to support Defendant's opposition to Plaintiff's motion to stay, should not be compensated because Plaintiff's motion to stay was reasonable in the circumstances (Dkt. No. 54-3 at 3);

- JMB's September 27, 2019 time entry for $299.00 should not be compensated because the explanation of the time spent is completely redacted and the court cannot evaluate its value to defense of the case (Dkt. No. 54-3 at 3);

- JMB's October 7, 2019 time entry for $230.00 should not be compensated because the explanation of the time spent does not adequately justify the charge (Dkt. No. 54-4 at 2);

- JMB's October 30, 2019 time entry for $115.00 should not be compensated because the explanation of the time spent is completely redacted and the court cannot evaluate its value to the defense of the case (Dkt. No. 54-4 at 3).

     iii.     Other Litigation Expenses

As is set forth above, the attorney fee provision of the Patent Act has been interpreted to permit recovery of litigation expenses beyond the taxation of costs.  The categories of expenses for which Defendant seeks an award are legal research and discovery document hosting; and postage, telephone, and internet (Dkt. Nos. 54-2 through 54-4).  The additional expenses sought total $1,721.41.  These are expenses of a kind for which WIPG customarily charges its clients.  The portion of that amount attributable to legal research and discovery document hosting totals $1,149.15.  There is no breakdown between the document hosting, which may have been an unavoidable charge, and the legal research, which could have been curtailed.  Because, in this court's view, some of the work done by WIPG following the court's ruling on the motion to dismiss, including the time spent on legal research, appears excessive, I recommend reducing the legal research and document hosting component of the litigation expenses by 25%, resulting in an award for this component of $861.86, and a total additional award of other litigation expenses of $1,434.12.

In summary, if the court deems it appropriate to award fees and other litigation expenses based on Defendant's supplemental fee petition, the court recommends an award of $14,587.37.

    IV.    <u>Conclusion</u>

Based on my review of the invoices and the parties' briefing, I recommend that the court award the defendant Hobbs Medical, Inc. a total of $35,926.19 in attorney's fees and other litigation expenses.  In the alternative, if the court decides to award fees and expenses on the basis of Defendant's November 14, 2019 supplemental fee request, I recommend that the court

award an additional $14,587.37 in attorneys' fees and other litigation expenses, which will result

in an award of attorney's fees and other litigation expenses totaling $50,513.56.[3]

/s/ Katherine A. Robertson_____
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: May 6, 2020

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.